**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3384

_____

| | |
|---|---|
| Phyllis Y. Black, | * |
| | * |
| Appellant, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    Eastern District of Arkansas. |
| Kenneth S. Apfel, Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Appellee. | * |

_____

Submitted:  February 10, 1998

Filed: April 23, 1998

_____

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Phyllis Y. Black appeals the district court's[1] judgment affirming the denial of her application for social security disability benefits.  We affirm.

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

# I.

Phyllis Y. Black is a forty-nine-year-old woman who earned a high school degree and attended 1½ years of college. Her past relevant work includes experience as a receptionist, word processing secretary, statistical word processor, and receptionist/inventory clerk. On December 17, 1993, Black filed applications for social security disability insurance benefits and supplemental security income. Alleging a disability onset date of December 31, 1992, Black claimed that she was unable to work due to scoliosis, carpal tunnel syndrome, headaches, depression and a nervous condition.[2] The Social Security Administration denied her applications initially and again on reconsideration. Following a hearing, an administrative law judge (ALJ) found that Black was not disabled. Pursuant to regulatory guidelines promulgated at 20 C.F.R. § 416.920(a) - (f), the ALJ found that Black had not engaged in substantial gainful activity since December of 1992 and concluded that although she suffered from residuals from severe scoliosis and headaches, Black did not have an impairment or combination of impairments equivalent to a listed impairment. The ALJ further found that Black's impairments did not prevent her from performing her past relevant work. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step eligibility analysis). After applying principles we set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), the ALJ further concluded that Black's subjective allegations of disabling pain were not credible.

The Appeals Council denied Black's request for further review, and she subsequently sought judicial review pursuant to 42 U.S.C. § 405(g). The district court

---

[2]Scoliosis is a lateral curvature of the spine. See The Sloane-Dorland Annotated Medical-Legal Dictionary, p. 471 (1992 Supp.). Carpal tunnel syndrome is "compression of the median nerve in the carpal tunnel, with pain and burning or tingling paresthesias in the fingers and hand, sometimes extending to the elbow." Id. at 501.

granted the Commissioner's motion for summary judgment, finding that substantial evidence supported the Commissioner's decision to deny Black's benefits.

## II.

We will uphold the Commissioner's determinations if they are supported by substantial evidence on the record as a whole. See Spradling v. Chater, 126 F.3d 1072, 1073-74 (8th Cir. 1997). Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion. See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993). "In assessing the substantiality of the evidence, we must consider evidence that detracts from the [Commissioner's] decision as well as evidence that supports it." Id. We may not reverse the Commissioner merely because substantial evidence exists supporting a different outcome. See Smith v. Shalala, 987 F.2d 1371, 1374 (8th Cir. 1993).

We first address Black's argument that the ALJ failed to consider the opinion of her treating physician, Dr. G. Randall Guntharp, who wrote to the Social Security Administration urging that Black be granted disability benefits. Dr. Guntharp's letter, characterizing Black's scoliosis as "extreme," stated that it was only after his urging that Black applied for benefits and that Black "is much more handicapped than many of the people presently receiving disability." Black argues that the letter represented Dr. Guntharp's opinion that she was disabled. She contends that the ALJ was compelled by our decision in Prince v. Bowen, 894 F.2d 283, 285 (8th Cir. 1990), to discuss Guntharp's opinion. In Prince we held that "[a]n ALJ's failure to consider or discuss a treating physician's opinion that a claimant is disabled constitutes error where, as here, the record contains no contradictory medical opinion." Id. at 285-86.

The ALJ's decision discussed the medical evaluations contained in Dr. Guntharp's letter and noted relevant information from the doctor's treatment notes. Although the ALJ apparently incorporated Dr. Guntharp's findings into his decision,

he did not specifically discredit the physician's conclusions. Black, contending that the letter was an unequivocal statement of Dr. Guntharp's opinion, alleges this was an error. Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted. See Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993) (per curiam). An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered, see Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995). Given the ALJ's specific references to the medical findings set forth in Dr. Guntharp's letter, it is highly unlikely that the ALJ did not consider and reject Dr. Guntharp's opinion that Black was disabled as a result of her extreme scoliosis.

Black also argues that the ALJ improperly discredited her subjective complaints of pain. "As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is." Woolf, 3 F.3d at 1213. In analyzing a claimant's subjective complaints of pain, an ALJ must examine: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. See Polaski, 739 F.2d at 1322. Other relevant factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints. See id. The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole. See Spradling, 126 F.3d at 1075.

Applying the Polaski directives, the ALJ examined the objective medical evidence of Black's physiological impairments and the inconsistencies in Black's claims and determined that Black's subjective complaints of disabling pain lacked credibility. The ALJ observed that although Black complained of debilitating pain, she was still able at times to engage in many normal daily activities including household work, visiting friends, and attending church. See Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997). The ALJ also noted that although Black does experience some

-4-

limitation, pain, and discomfort, she has never undergone surgery and has relied on a conservative course of treatment, including exercises, home cervical traction, a back brace, and medication.[3] See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992).

Black claims that physical activity frequently precipitates and aggravates her severe pain. The ALJ cited Black's daily activities as inconsistent with her assertions. It was for the ALJ to resolve any contradictory evidence of Black's functional limitations. See Bentley v. Shalala, 52 F.3d 784, 787 (8th Cir. 1995) ("Where the medical evidence is equally balanced, as we find it is here, the ALJ resolves the conflict.").

The objective medical evidence revealed scoliosis, spondylolisthesis,[4] and headaches. The ALJ correctly found that no diagnostic tests or objective medical findings existed to support Black's carpal tunnel syndrome and psychological claims. Black was also getting some relief from her medications and physical therapy, while Dr. Guntharp's records reveal a diminishing concern for her back problems. See Marciniak v. Shalala, 49 F.3d 1350, 1354 (8th Cir. 1995) (idiopathic scoliosis requiring surgery was not a disabling condition).

Black's lengthy work history supports her subjective complaints of disabling pain. As the ALJ found, however, offsetting this work history is the fact that (1) Black was laid off from her position, rather than forced out due to her condition, see Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992); (2) she continued to seek work after her alleged disability onset date, see Bentley, 52 F.3d at 786; and (3) she

---

[3]The record reflects that Black's medication protocol included muscle relaxants and anti-inflammatory drugs. Of the several other prescribed medications that Black lists, some were recommended for unrelated conditions such as sinus and chest ailments.

[4]Spondylolisthesis is the forward displacement of one vertebra over another. See The Sloane-Dorland Annotated Medical-Legal Dictionary at 483.

continued to receive unemployment benefits after her alleged disability onset date, <u>see</u> <u>Barrett v. Shalala</u>, 38 F.3d 1019, 1024 (8th Cir. 1994).

Black contends that the ALJ improperly rejected the lay testimony of her parents. Black's parents were not qualified to give an opinion regarding her capacity to work, however, and their testimony merely corroborated Black's testimony regarding her activities. The ALJ, having properly discredited Black's complaints of pain, was equally empowered to reject the cumulative testimony of her parents. <u>See</u> <u>Ostronski v. Chater</u>, 94 F.3d 413, 419 (8th Cir. 1996). The ALJ's decision, which reflects a proper application of the <u>Polaski</u> factors, is supported by the record as a whole.

Finally, Black argues that the ALJ's determination that she can return to her past relevant work is not supported by substantial evidence. She contends that her work as a receptionist/inventory clerk is beyond her residual functional capacity for light work. Black's past relevant work, however, includes her experience as a receptionist, a position classified as having sedentary work requirements. <u>See</u> <u>Dictionary of Occupational Titles</u>, § 237.367-038 (4th ed. rev. 1991); <u>see also</u> <u>Evans v. Shalala</u>, 21 F.3d 832, 834 (8th Cir. 1994). Thus, we conclude that the ALJ's determination that Black could return to her past relevant work is consistent with his findings regarding Black's residual functional capacity.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-