# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4212

_____

| | | |
|---|---|---|
| Bill Deerfield, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Kenneth S. Apfel, Commissioner | * | [UNPUBLISHED] |
| of Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 15, 1998

Filed: July 31, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Bill J. Deerfield appeals from the judgment of the district court[1] affirming the denial of his application for supplemental security income (SSI) benefits. We affirm.

---

[1]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

Deerfield is a 38-year-old man who attended special education classes from third through twelfth grade. He alleged that he became disabled at the age of fourteen as the result of lower back pain. This is his fifth application for SSI benefits since 1987.

Following an initial hearing on December 21, 1994, the administrative law judge (ALJ), referred Deerfield for psychiatric and psychological evaluations. A supplemental hearing was held on July 5, 1995, following which the ALJ concluded that although Deerfield had no past relevant work experience, he was capable of performing jobs currently available to him. After applying the principles set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), the ALJ further concluded that Deerfield's subjective allegations of intense and severe back pain were not credible and that Deerfield was not disabled within the meaning of the Social Security Act. The Appeals Council denied further review. The district court affirmed, concluding that the Commissioner's decision was supported by substantial evidence. We are governed by a similar standard and are bound to uphold this result if it is "supported by substantial evidence on the record as a whole." Black v. Apfel, 143 F.3d 383,385 (8th Cir. 1998); see also Spradling v. Chater, 126 F.3d 1072, 1073-74 (8th Cir. 1997).

Deerfield presents two arguments on appeal. First, he claims that the ALJ erred in discounting his subjective complaints of pain. We find no error in the ALJ's treatment of the evidence. The record reveals conflicting evidence regarding the severity and disabling nature of Deerfield's back pain. During the relevant years in question, Deerfield took no pain medications and sought no regular medical treatment for his claimed disability. See Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997) (claimant's failure to seek medical assistance for alleged physical and mental impairments contradicts subjective complaints of disabling conditions and supports ALJ's decision to deny benefits); Ostronski v. Chater, 94 F.3d 413, 419 (8th Cir. 1996) (failure to seek medical treatment inconsistent with complaints of disabling pain). Most of the objective medical evidence in the record supports the ALJ's conclusion that

Deerfield was fully capable of performing light work. Deerfield's relatively active daily schedule supports that assessment as well.

Next, Deerfield contends that the ALJ erred in posing a question to the vocational expert. He claims that the hypothetical question regarding his capacity to become gainfully employed was not properly framed to reflect his relatively limited mental capacity. We disagree, for the hypothetical question adequately took into account Deerfield's educational history and mental abilities.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.