# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1515

_____

Rita A. Hogan,                                    *
                                                  *
        Appellant,                                *
                                                  *   Appeal from the United States
    v.                                            *   District Court for the
                                                  *   Western District of Missouri.
Kenneth S. Apfel, Commissioner of                 *
Social Security,                                  *
                                                  *
        Appellee.                                 *

_____

Submitted:  December 13, 2000

Filed:  February 12, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN,
    Circuit Judges.

_____

WOLLMAN, Chief Judge.

Rita Hogan appeals the district court's[1] judgment affirming the final decision of the Commissioner of Social Security concluding that she is not entitled to Social Security Disability Insurance benefits.  We affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

## I.

Hogan filed a claim for disability insurance benefits on February 3, 1997, alleging that she had become disabled on January 8, 1996. She alleged that her disability was the result of a variety of impairments, primarily consisting of Cushing's syndrome due to a benign adrenal gland tumor and fibromyalgia, and also including non-insulin dependent diabetes, hypertension, mitral valve prolapse, post-menopausal hormonal replacement, slight depression, and a back injury that required surgery. Hogan, who is a registered nurse, was last employed as a general duty nurse.

The Social Security Administration denied Hogan's application initially and again on reconsideration. Hogan then requested and received a hearing before an administrative law judge (ALJ). The ALJ evaluated Hogan's claim according to the five-step sequential analysis prescribed by the social security regulations. 20 C.F.R. §§ 404.1520(a-f); see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing five-step analysis). The ALJ determined that Hogan had not engaged in substantial gainful activity since the alleged onset date, that she suffered from fibromyalgia, Cushing's syndrome, diabetes, hypertension, affective disorder, adrenal gland tumor (benign), bradycardia/tachycardia, angioedema, mitral valve prolapse, and high cholesterol, and that the combination of those impairments was severe but did not meet the criteria found in the Listing of Impairments.[2] The ALJ also found that Hogan was "less than fully credible" with respect to her subjective complaints, including pain, and that she retained the residual functional capacity to perform work as a director of nursing or as a quality assurance coordinator, jobs that she had performed in the previous fifteen years. The ALJ therefore did not consult a vocational expert before determining that Hogan is not disabled as defined in the Social Security Act.

---

[2]Hogan's medical records reflect her doctors' opinions that, after recent surgeries to correct her back injury and remove her adrenal gland tumor, her back pain and Cushing's syndrome and possibly her hypertension and diabetes will disappear.

In support of her claim, Hogan submitted medical records from her treating physician, Dr. Donald Brockman. At her request, Dr. Brockman also completed a medical source statement, a checklist evaluation of disability level, for submission to the ALJ. A similar checklist was completed by a consulting physician based on Dr. Brockman's records regarding Hogan's care. Hogan also submitted a report from Joyce R. Tinsley, Ph.D., who had conducted a psychological evaluation as a result of an incident in which Hogan diverted Demerol from patients to her husband, who experiences ongoing pain as the result of a work-related accident. Also submitted were emergency room records from occasions during which Hogan suffered significant swelling of her tongue and face, apparently due to an allergic reaction to medication, and medical records from Dr. Kay Sila, who treated Hogan's back injury and joint pain. In addition, Hogan submitted a letter from her daughter.

## II.

On appeal, Hogan contends that the ALJ erred in evaluating the extent of her disability, that he wrongly determined that she was able to perform her past relevant work, and that he should thus have called a vocational expert to determine whether Hogan was able to perform work in the national economy. Specifically, she argues that the ALJ erred by failing to give controlling weight to the medical source statement submitted by Dr. Brockman, her treating physician, and by finding that Hogan herself was not fully credible regarding the extent of her pain and the limitations it placed on her activities.

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. We may not reverse the Commissioner's

decision merely because substantial evidence supports a contrary outcome.

Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (internal quotations and citations omitted).

An ALJ's failure to consider or discuss a treating physician's opinion that a claimant is disabled is error when the record contains no contradictory medical opinion. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). A treating physician's opinion is due "controlling weight" if that opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" Prosch, 201 F.3d at 1012-13 (quoting 20 C.F.R. § 404.1527(d)(2)). Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as whole. Id. at 1013. The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id.

The ALJ reviewed Dr. Brockman's records of Hogan's treatment, as well as his medical source statement and the opinion of the state's consulting physician, and expressly discounted the medical source statement. In the medical source statement, Dr. Brockman indicated that Hogan's functioning was severely restricted by her disability: she could lift less than ten pounds; could stand, walk or sit for no more than twenty minutes at a time, and no more than one hour total per day; needed to lie down for thirty-minute intervals eight times per day; and had a limited ability to push, pull, balance, stoop, climb, kneel, crouch, or crawl. None of these restrictions appear elsewhere in his treatment records for Hogan. In contrast, based on a review of Hogan's medical records, the consulting doctor concluded that Hogan could lift twenty pounds; stand, walk, or sit for approximately six hours per day; and had an unlimited capacity to push and pull.

The ALJ found that the limitations detailed in the medical source statement "stand alone, and these limitations were never mentioned in [Dr. Brockman's] numerous records of treatment . . . nor are they supported by any objective testing or reasoning which would indicate why the claimant's functioning need be so restricted." Moreover, the ALJ observed that Hogan's condition was repeatedly described in Dr. Brockman's notes as "mild," that records from Hogan's other physicians indicate that her condition was being controlled by medication, and that the weight of the medical evidence was more in keeping with the restrictions described by the consulting physician. Accordingly, we conclude that the ALJ did not err in discounting the inconsistent and unsupported portions of Dr. Brockman's medical source statement.[3]

Hogan also contends that the ALJ erred in his assessment of the credibility of her subjective assessments of her pain. As is often true in disability cases, the question was not whether Hogan was experiencing pain, but rather the severity of her pain. "In analyzing a claimant's subjective complaints of pain, an ALJ must examine: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." Black, 143 F.3d at 386; Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). "The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole." Black, 143 F.3d at 386. "If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment." Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990).

---

[3]Hogan also contends that Dr. Brockman's opinion was entitled to greater weight as the opinion of a specialist. We question the basis of this argument, as Dr. Brockman is identified in several places in the record as a general practitioner. In any event, we decline to consider this argument, as it appears that it was not raised before the ALJ, the Appeals Council, or the district court.

The ALJ determined that Hogan was not "fully credible" on the extent of her pain because her treatment was not consistent with the amount of pain she described at the hearing, because the level of pain she described varied among her medical records with different physicians, because the time between her doctor's visits did not indicate that she was suffering from severe pain, because she was apparently engaging in hobbies and household activities inconsistent with her alleged pain, and because the closeness in time of her reprimand for diverting medication to her ceasing to work cast doubt on her assertion that she quit her job because of pain and side effects from her pain medication. Our review of the record satisfies us that these factors are more than a sufficiently "good reason" to defer to the ALJ's credibility assessment. See Black, 143 F.3d at 386 (upholding finding that claimant was not credible where course of treatment and daily activities did not support claimed pain); Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994) (upholding finding that claimant's reported pain was not credible where unsupported by medication history and evidence suggested claimant stopped working because of lay-offs, rather than disability); Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991) (upholding finding that claimant's reported pain was not credible where claimant's statements to medical professionals were inconsistent). Nor does the letter from Hogan's daughter, which essentially restates the claims of pain made by Hogan, alter our opinion. See Black, 143 F.3d at 387 (ALJ "equally empowered" to reject cumulative, lay testimony of claimant's parents as to her pain).

Hogan's argument that a vocational expert should have been employed is entirely dependent on her argument that the ALJ erred in finding that she retained sufficient residual functional capacity to perform her past relevant work. "Under the five-step analysis of social security cases, when a claimant can perform his past relevant work, he is not disabled. Once this decision is made . . . the services of a vocational expert are not necessary." Gaddis v. Chater, 76 F.3d 893, 895 (8th Cir. 1996) (internal citations omitted). Because we conclude that the ALJ's determination of the extent of Hogan's disability is supported by substantial evidence, we likewise conclude that no vocational expert was required.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.