# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3191

_____

Rhetta Levally,                            *
                                           *
                Appellant,                 *
                                           *  Appeal from the United States
        v.                                 *  District Court for the Western
                                           *  District of Arkansas.
Larry G. Massanari,[1] Commissioner,       *
Social Security Administration,            *       [UNPUBLISHED]
                                           *
                Appellee.                  *

_____

Submitted:  June 7, 2001

Filed:  June 12, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

_____

    [1]Larry G. Massanari has been appointed to serve as Acting Commissioner of
Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate
Procedure 43(c)(2).

PER CURIAM.

Rhetta Levally appeals the district court's[2] order affirming the Commissioner's denial of disability insurance benefits. Ms. Levally alleged disability since October, 1996, from right-shoulder pain and numbness and right-arm swelling and discoloration. After a hearing, an administrative law judge (ALJ) determined Ms. Levally retained the residual functional capacity (RFC) to perform the full range of sedentary work; and although she could not perform her past relevant work, based on the Medical-Vocational Guidelines (Grids) she was not disabled. Having carefully reviewed the record, see Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir. 2001) (standard of review), we affirm.

Ms. Levally first argues that the ALJ improperly discredited her subjective complaints. We disagree. After citing the factors in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ specified multiple inconsistencies in the record on which he relied to discredit Ms. Levally. See Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001) (deference to ALJ's opinion is appropriate when ALJ explicitly discredits claimant and gives good reasons for doing so).

Ms. Levally also challenges the RFC findings. The record shows, however, that the ALJ properly considered Ms. Levally's testimony as to her alleged work-related restrictions (to the extent it was not discredited), the observations of her treating physicians and her friend, and the medical records, as required. See 20 C.F.R. §§ 404.1545(a), 404.1546 (2001) (responsibility for determining RFC rests with ALJ; determination should be based on all relevant evidence, including claimant's own description of limitations, observations of treating physicians and others, and medical

---

[2]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

records).  Contrary to Ms. Levally's assertion, the record reflects that the ALJ did consider her alleged pain, as his RFC findings were more limited than those of the Social Security Administration physicians, and sedentary work requires the least amount of physical exertion.  See 20 C.F.R. § 404.1567(a) (2001) (defining sedentary work).

Ms. Levally next contends that the ALJ did not fully and fairly develop the record by arranging a psychological consultative examination.  This argument also fails, because there was enough evidence in the record to determine whether her alleged medical and mental impairments were disabling.  See 20 C.F.R. § 404.1517 (2001).

Finally, Ms. Levally asserts that because of her multiple nonexertional impairments, the ALJ erred by relying on the Grids, and that the ALJ failed to identify specific jobs she could perform.  Obesity, heart and upper-extremity problems, fatigue, incontinence, and depression can cause nonexertional limitations.  See 20 C.F.R. § 404.1569a(c) (2001) (nonexertional limitations affect ability to meet non-strength-related job demands).  But because the ALJ explicitly and properly discredited Ms. Levally's related subjective complaints, it was proper to rely on the Grids to find her not disabled, see Reynolds v. Chater, 82 F.3d 254, 258-59 (8th Cir. 1996); and the Grids obviated the need to identify specific jobs she could perform, see Beckley v. Apfel, 152 F.3d 1056, 1059 (8th Cir. 1998) (Grids are fact-based generalizations about availability of jobs for people of varying ages, education, and prior work experience, with differing degrees of exertional impairment).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.