# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3846

_____

Anita J. Hunter,                                        *
                                                        *
          Appellant,                                    *
                                                        *     Appeal from the United States
     v.                                                 *     District Court of the
                                                        *     Western District of Arkansas.
Jo Anne B. Barnhart, Commissioner of   *
the Social Security Administration,          *     [UNPUBLISHED]
                                                        *
          Appellee.                                    *

_____

Submitted: June 24, 2002
Filed: June 27, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Anita Hunter, who alleged she was disabled beginning in July 1996 from diabetes, fibromyalgia, and carpal tunnel syndrome, appeals the district court's[1] order affirming the Social Security Commissioner's denial of disability insurance benefits and supplemental security income.

_____

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Having reviewed the record and Hunter's arguments on appeal that were properly raised in the district court, see Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000) (argument not presented to district court is subject to forfeiture on appeal unless manifest injustice would result), we find the Commissioner's final decision is supported by substantial evidence on the record as a whole, see Cunningham v. Apfel, 222 F.3d 496, 500 (8th Cir. 2000) (standard of review). In particular, the administrative law judge (ALJ) permissibly determined--after consideration of Hunter's medical records, observations of her treating physicians, and her own description of her limitations, to the extent her statements were deemed credible--that Hunter retained the residual functional capacity (RFC) to perform the full range of light work and was therefore not disabled. See Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (ALJ determines claimant's RFC based on all relevant evidence); Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001) (deference to ALJ's opinion is appropriate when ALJ explicitly discredits claimant and gives good reason for doing so); Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993) (reliance on medical-vocational guidelines, without testimony of vocational expert, is allowed if ALJ determines that claimant's nonexertional limitations do not significantly affect claimant's RFC).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.