# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1124
_____

| | | |
|---|---|---|
| Curtis Brown, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jo Anne B. Barnhart, Commissioner | * | [UNPUBLISHED] |
| of Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 10, 2002

Filed: July 5, 2002
_____

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Curtis Brown appeals the district court's[1] order affirming the Commissioner's denial of his application for disability benefits. We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

# I.

Brown has completed fourteen years of education and has employment experience as an automobile salesman and a radio announcer. He last engaged in substantial activity in 1997. Brown, who was then fifty-three, filed for benefits on October 16, 1997,[2] claiming that he became disabled in April of 1994 as the result of back pain resulting from problems with his right foot. Brown maintains that right-foot cramps, together with pain and swelling, loss of balance, back pain, and decreased vision prevent him from working.

On October 20, 1997, Brown was seen by Dr. Randall Smith, Chief, Physical Medicine and Rehabilitation Service, at the Columbia, Missouri, Veterans' Hospital. Dr. Smith found that Brown was suffering from pain in the right lumbar and hip area and that he also was experiencing "cramping and numbness of the right lower extremity from the hip to the foot."

On November 25, 1997, Dr. Jennifer Clark, a physician with the Columbia, Missouri, Orthopaedic Group, examined Brown and found that he was engaging in "significant pain magnification behaviors" and that his complaints were "nonphysiologic." She noted that he complained of difficulty standing on his toes and heels, but showed no difficulty in doing either. Brown resisted Dr. Clark's attempts to test the range of motion of his back, but later during the examination he exhibited no difficulty twisting at the waist, getting on and off the examining table, or walking around the room. Dr. Clark also noted that Brown entered her office with a normal gait but left with a limp and then walked to his car with a normal gait. She concluded that Brown was not in very much pain. She found no restrictions on

---

[2]Brown initially applied for disability benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401 et seq, on May 9, 1995. That claim was denied on July 19, 1995, and Brown did not pursue it.

standing and recommended that Brown take a break after two hours of sitting and that he restrict his lifting and carrying to no more than 30 to 40 pounds.

A December 2, 1997, MRI examination revealed a disc herniation. After an examination on December 30, 1997, Dr. Smith concluded that Brown could sit for only 5 to 20 minutes and that he should have additional therapy. At Brown's request, Dr. Smith submitted a letter stating that Brown was unable to carry out gainful employment and that his disability would last for more than one year.

On January 10, 1998, Dr. John Hoerner, a staff physician at the Columbia Veterans' Hospital, examined Brown and found that he was in no acute distress but that the deformities in his right foot required additional orthotics. On February 20, 1998, Brenda Woods, D.O., of Mid-Missouri Rehabilitation Specialists, performed a consultative examination of Brown. Her report stated in part that "I have to say that this is the most theatrical Disability Determination I have done to this date." She noted that Brown was wearing a brand-new back corset outside his clothes, which he refused to remove. He refused to attempt some of the exercises, screamed loudly during others, and insisted that the examination table be raised. As Dr. Woods was adjusting it, Brown jumped off the examination table with "a fairly good spring." Dr. Woods found that the examination was nonreliable and that Brown exhibited nonphysiological symptoms.

The administrative law judge (ALJ) concluded that Brown was not under a disability as defined in the Act. The ALJ found that Brown could engage in light lifting and prolonged sitting, standing and walking. Based upon this assessment, the ALJ found that Brown can perform his past relevant work as car salesman and radio announcer. Following the Appeals Council's denial of his request for review, Brown filed this action in the district court.

**II.**

"Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). Substantial evidence exists if a reasonable mind would find it adequate to support the determination. Id. We will affirm the Commissioner's determination so long as there is evidence in the record supporting that decision, even if there is evidence supporting an opposite result or we would have come to a different decision. Id.

Brown contends that the district court erred in its finding that there is substantial evidence supporting the Commissioner's decision. He argues that the ALJ erred in not giving controlling weight to Dr. Smith's findings and in finding that Brown was not entirely credible regarding the extent of his pain and the limitations resulting therefrom.

It is error for an ALJ to fail to consider or discuss the findings of a patient's treating physician when there is no contradictory medical opinion in the record. Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001). "A treating physician's opinion is due 'controlling weight' if that opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" Id. (quoting Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000)). If other medical assessments are supported by superior medical evidence, the ALJ may discount the opinion of the treating physician. Hogan, 239 F.3d at 961.

The ALJ concluded that Dr. Smith's opinion was not controlling in light of the fact that Dr. Smith had examined Brown only twice and in light of the other medical evidence in the record. Dr. Clark found that Brown could sit up to 6 hours a day and lift between 30 and 40 pounds. Dr. Hoerner found that Brown was in no acute

distress. Dr. Woods found that Brown's performance during her exam rendered the examination nonreliable and that his symptoms were nonphysiological. Assuming that Dr. Smith was in fact Brown's treating physician, we conclude that the ALJ did not err in discounting his opinion in light of the conflicting opinions voiced by the several other examining physicians.

Brown also argues that there was credible evidence of his impairment, including his testimony and complaints to other medical professionals. "In analyzing a claimant's subjective complaints of pain, an ALJ must examine: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions." Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) (citing Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)). The ALJ may also consider factors such as relevant work history and lack of medical testimony supporting the complaints. Black, 143 F.3d at 386. "The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole." Id.

The ALJ did not err in finding that Brown's allegations of symptoms precluding all substantial gainful activity were not credible in light of the inconsistencies in his allegations to doctors and his uncooperative and theatrical performances during physical examinations. Likewise, the ALJ's findings that Brown can lift up to 20 pounds occasionally and 10 pounds frequently and that he is capable of prolonged walking, standing, and sitting are supported by substantial evidence in the record. Accordingly, the ALJ did not err in finding that Brown can perform his past relevant work and thus is not entitled to disability benefits.

The judgment is affirmed.

A true copy.

Attest:

    CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.