# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1861

_____

Sharon A. Meister,

        Appellant,

v.

JoAnne B. Barnhart, Commissioner of
Social Security,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*      [UNPUBLISHED]
\*
\*
\*

_____

Submitted: September 19, 2002

Filed: September 26, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Sharon A. Meister appeals the District Court's[1] order affirming the denial of
disability insurance benefits. After a careful review of the record, see Mittlestedt v.
Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court
for the Southern District of Iowa.

Meister, whose insured status expired in September 1990, applied for benefits in May 1998, alleging disability since September 1987 from irritable bowel syndrome, depression, and pain and other symptoms related to a neck injury. After a hearing, an administrative law judge (ALJ) determined that during the relevant period (September 1987 to September 1990), Meister could not perform her past relevant work, but that she could perform the jobs identified by a vocational expert in response to a hypothetical that the ALJ posed.

Meister's main argument is that she was prejudiced by the ALJ's consideration of records outside the relevant period, particularly psychiatrist Steven Chang's 1998 summary of Meister's treatment and mental condition from 1989 to 1998. This argument is belied by the ALJ's specific statement that the evidence after Meister's date last insured had "been given little notice," and there is no indication that the ALJ based his findings as to Meister's condition during the relevant period on records pertaining to Meister's condition after September 1990.

Meister also asserts that the ALJ improperly discredited her testimony. We defer to the ALJ's credibility determination, however, because he gave multiple valid reasons for doing so. See Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001) (deference to ALJ's opinion is appropriate where ALJ explicitly discredits claimant and gives good reason for doing so). Among other things, neurologist Michael Laws recommended a fifteen-pound lifting restriction after (not before, as Meister contends) she unsuccessfully attempted to complete work-hardening programs; moreover, Dr. Laws made the recommendation after conducting numerous diagnostic tests and treating Meister for more than a year. See Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995) (treating physician's opinion must be supported by medically accepted clinical or diagnostic data).

Meister argues that the ALJ erred by discounting Dr. Chang's 1999 opinion as to her mental residual functional capacity, but Dr. Chang did not state whether his

findings related to the relevant period. Further, Dr. Chang's 1998 summary--on which the ALJ did rely to the extent that it described Meister's condition before September 1990--indicated resolution of Meister's depression during the relevant period, whenever she took antidepressants. See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) (if impairment can be controlled by treatment or medication, it cannot be considered disabling).

We reject Meister's remaining arguments as well: the ALJ was not required to contact the lay references Meister provided or to obtain a consultative examination, see Haley v. Massanari, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ may issue decision without obtaining added medical evidence if existing evidence provides sufficient basis for decision), and the ALJ considered the combined effect of Meister's impairments, as required, see Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.