# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3428

———————

Ted Delka,                                                 *
                                                          *
            Appellant,                                    *
                                                          *   Appeal from the United States
      v.                                                  *   District Court for the
                                                          *   District of South Dakota.
Jo Anne B. Barnhart, Commissioner,                        *
Social Security Administration,                           *   [UNPUBLISHED]
                                                          *
            Appellee.                                     *

———————

Submitted: June 2, 2004
Filed: June 17, 2004

———————

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Ted Delka appeals the district court's[1] order affirming the decision of the Social Security Commissioner to deny his application for disability insurance benefits. We affirm.

———————————————

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Delka, born in 1961, alleged he became disabled in August 2000 when he fell and injured his right knee. After his fall and his subsequent surgery, he developed deep vein thrombosis in his right leg, a condition that caused severe pain and swelling. He also experienced dizziness, fainting spells, ringing in his ears, headaches, and difficulty sleeping. After a hearing, an administrative law judge (ALJ) found that Delka's impairments were severe, but not of listing level, that he had performed no substantial gainful activity since the alleged onset date, and that he could not return to his past work as a truck driver. Nevertheless, the ALJ concluded Delka was not disabled within the meaning of the Social Security Act because he was capable of performing a significant range of sedentary work. Specifically, as supported by the vocational expert's testimony, the ALJ found Delka could perform sedentary jobs such as dispatcher, night auditor, and surveillance systems monitor.

Following careful review, we conclude the Commissioner's decision is supported by substantial evidence on the record as a whole. See Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004) (standard of review). Although the record does not directly support Delka's contention that two physicians advised him to elevate his leg to a specific height, to the extent there were conflicting medical opinions, the ALJ was entitled to resolve them. See Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001). We also conclude that the ALJ, who found Delka needed to elevate his leg approximately half the time to relieve pain and swelling, did not err in finding not fully credible Delka's claimed need to elevate his leg above his heart. See Hogan v. Apfel, 239 F.3d 958, 961-62 (8th Cir. 2001) (often, ALJ must determine severity rather than existence of claimant's pain); Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000) (if explained and supported, credibility findings are for ALJ to make).

Accordingly, we affirm the judgment of the district court.

_____