# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2426

_____

Tammy J. Swigert,                          *
                                           *
    Plaintiff - Appellant,                 *
                                           *
                                           *  Appeal from the United States
v.                                         *  District Court for the
                                           *  Western District of Missouri.
                                           *
Michael J. Astrue, Commissioner of         *
Social Security,                           *           [UNPUBLISHED]
                                           *
    Defendant - Appellee.                  *

_____

Submitted: December 15, 2006
Filed: March 28, 2007

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

PER CURIAM.

Tammy J. Swigert applied for social security disability and supplemental security income benefits, alleging a combination of disabling impairments including Type II diabetes, liver disease, hypertension, back pain, severe fatigue, severe acid reflux causing nausea, depression, and other mental disorders. After a hearing, the Commissioner's administrative law judge found that Ms. Swigert's diabetes, obesity, and back disorder are severe impairments, her other physical impairments are not severe, her mental impairments cause no more than slight limitations in the four relevant functional areas of daily living, and her subjective complaints are not fully credible. Crediting the testimony of a vocational expert, the ALJ found that Ms.

Swigert is unable to perform her past relevant work but retains the residual functional capacity to perform the unskilled sedentary work of food and beverage order clerk and is therefore not disabled. After the Commissioner's Appeals Council denied Ms. Swigert's administrative appeal, she commenced this action seeking judicial review of the agency's final adverse action. The district court[1] granted summary judgment in favor of the Commissioner, concluding that the decision is supported by substantial evidence on the administrative record as a whole. Ms. Swigert appeals. We affirm.

On appeal, Ms. Swigert primarily argues that the ALJ erred in failing to afford controlling weight to the opinion of her primary treating physician that her impairments make rest "necessary at intervals and durations in Ms. Swigert's discretion" during an eight-hour workday. The vocational expert testified that a person so limited is unable to work. The physician's opinion appears in a Medical Source Statement he completed at the request of Ms. Swigert's attorney. The form asked, "Would rest be medically helpful to necessary during an 8-hour workday in coping with symptoms," and if so, at what intervals and for what time periods. The physician checked the "Yes" box and wrote "Pt. discretion" beneath the interval and time period questions. The physician's conclusory opinion that this amount of rest is necessary (as opposed to helpful) is unsupported by the extensive medical evidence in the record. Therefore, many of the physician's limitations, but not this disabling rest limitation, were included in the ALJ's residual functional capacity findings. This was not error. A treating physician's checkmarks on an MSS form may be discounted if they are contradicted by other objective medical evidence in the record. See Stormo v. Barnhart, 377 F.3d 801, 805-06 (8th Cir. 2004); Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001); Social Security Ruling 96-2p, *Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions* (July 2, 1996).

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Ms. Swigert further argues that the ALJ gave excessive weight to the opinions of a one-time consultative examiner, erred in failing to find her depression and mental disorders to be severe mental impairments, and did not properly evaluate the credibility of Ms. Swigert's subjective complaints of pain, fatigue, and depression. After careful review of the record, we agree with the district court that these contentions must be rejected because substantial evidence on the administrative record as a whole supports the ALJ's findings and analysis.

The judgment of the district court is affirmed.

_____