MEMORANDUM ***
Tamara Lusardi (“Lusardi”) appeals the district court’s decision affirming the Commissioner of Social Security’s final decision denying disability insurance benefits to her under Title II of the Social Security Act, 42 U.S.C. § 401, et seq.
The issues presented on this appeal are: (1) whether the ALJ erred in giving minimal weight to a portion of the opinion of a treating physician; (2) whether the ALJ erred in failing to develop the record regarding Lusardi’s depression and anxiety; (3) whether the ALJ erred in forming his residual functional capacity determination; and (4) whether the ALJ erred in relying on vocational expert testimony. We are not persuaded that Lusardi’s claims of error have merit and find that the ALJ’s decision is supported by substantial evidence.
First, Lusardi specifically challenges the ALJ’s rejection of the opinion of Dr. Zoubek, a treating physician, that Lusardi’s limitations would likely require her to be absent from work three days per month. Although the parties’ briefs do not explain why this level of absenteeism is significant, the vocational expert considered it a critical factor in determining whether Lusardi had the ability to perform a significant number of jobs in the national economy.
Lusardi argues that the ALJ erred in failing to consider the factors he was required by regulation to consider when assessing the weight to give to Dr. Zoubek’s *172 opinion and further erred in failing to state clear and convincing reasons, or specific and legitimate reasons, supported by substantial evidence, to justify giving minimal weight to the opinion.
The ALJ did not expressly address all of the factors listed in 20 C.F.R. § 404.1527(d)(1) — (6) in determining the weight to be given to Dr. Zoubek’s opinion regarding Lusardi’s likely excessive absenteeism. However, in his decision, the ALJ specifically stated that he considered the § 404.1527(d) factors. His opinion also shows that he knew Dr. Zoubek was a specialist (urologist), considered the infrequency of Lusardi’s visits to Dr. Zoubek, noted the lack of support for the opinion in the medical records, and found an inconsistency between Dr. Zoubek’s opinion concerning Lusardi’s likely absenteeism and other opinions he had rendered.
One of the ALJ’s stated reasons for giving minimal weight to Dr. Zoubek’s opinion regarding anticipated absenteeism is that the opinion was not supported by the doctor’s own treatment notes and the medical record. The ALJ noted that there was nothing within Dr. Zoubek’s records to support a conclusion that Lusardi might be subject to excessive work absenteeism. His recoi'ds consistently reflect that hex-condition was stable and well-controlled. At the time of the opinion, he believed it necessary to examine Lusardi only twice per year, which the ALJ noted was “a level of treatment hardly consistent with debilitating symptoms.” The ALJ also noted that “no other medical sorn-ce remotely suppox-ts his conclusion.” The ALJ’s conclusion is based on the medical x-ecord as a whole. Lusardi has not pointed to any evidence in the medical record bearing on the absenteeism issue.
Rejecting an opinion on the basis that it is not supported by the doctor’s own treatment notes or by clinical findings is permissible. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005); Magallanes v. Bowen, 881 F.2d 747, 751-52 (9th Cir.1989). The ALJ’s stated reason fox-giving minimal weight to Dr. Zoubek’s absenteeism opinion was clear and convincing and supported by substantial evidence. Thex-efox-e, the ALJ committed no error in his treatment of Dr. Zoubek’s conclusory opinion concerning Lusardi’s level of anticipated absenteeism.
Second, Lusardi has failed to establish that the ALJ erred in failing to develop the record regarding Lusardi’s depression and anxiety. While the ALJ has a duty to fully and fairly develop the x-ecord, the duty ax-ises only where there is ambiguous evidence or when the x-ecord is inadequate to allow for the proper evaluation of the evidence. Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir.2001) (citing Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.2001)). Lusardi has not established that the record was ambiguous ox- inadequate to enable the ALJ to make a proper evaluation. Dr. Wood’s psychodiagnostic evaluation included major depx-ession but noted no functional limitations. The agency psychologists who reviewed the record detex-mined that Lusardi’s impairment was not severe and imposed mild to no functional limitations. This evidence was sufficient to enable the ALJ to make a determination, based on substantial evidence, that the mental impairments were not severe. The ALJ did not err in failing to develop the record.
Third, Lusardi has failed to establish that the ALJ failed to follow the requirements of SSR 96-8p in formulating Lusardi’s residual functional capacity. Lusardi contends that the ALJ failed to consider the opinions of Dx-s. Zoubek and Webster, failed to incorporate functional limitations arising from her depression, and failed to *173 incorporate the opinion evidence offered by her mother, Ms. Green.
The ALJ was not required to discuss every piece of medical evidence. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir.2003) (citing Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998)). However, if the ALJ rejects significant probative evidence, he must explain why. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984). Here, with regard to Dr. Zoubek, the residual functional capacity determined by the ALJ appears to be based upon the significant limitations contained within Dr. Zoubek’s responses to a questionnaire about functional limitations. The ALJ expressly noted, for example, that the limitation to “simple, routine work” was imposed because of mental limitations resulting from pain symptoms and Lusardi’s medications. Lusardi has not demonstrated that the ALJ’s failure to expressly address Dr. Zoubek’s opinions regarding “concentration, stamina, and pace” means that Dr. Zoubek’s opinions were not incorporated into the residual functional capacity.
Lusardi also contends that the ALJ did not consider Dr. Webster’s opinion that Lusardi had difficulty sitting for long periods, likely greater than 5 to 10 minutes. While the ALJ included a sit/stand option every 30 minutes limitation in the residual functional capacity findings, he did not adopt the 5 to 10 minute sitting limitation. Whether the ALJ was required to explain why he rejected the 5 to 10 minute sitting limitation suggested by Dr. Webster depends on whether the opinion constitutes “significant probative evidence.” Vincent, 739 F.2d at 1395. The district court observed that Dr. Webster’s suggested limitation of an ability to sit for only 5 to 10 minutes was not significant or probative evidence because the claimant herself testified to an ability to sit for longer periods of time. In addition, Dr. Webster’s statement that it “sounds like she has difficulty sitting for greater than 5 to 10 minutes,” was based solely on Lusardi’s subjective reports. Thus, while it may have made a better record for the ALJ to have explained his reasons for not addressing Dr. Webster’s assessment of a limitation on Lusardi’s ability to sit, there was no requirement for the ALJ to have done so under Vincent.
With regard to the failure to address any limitations due to Lusardi’s depression and anxiety, Lusardi again has not established any error. Substantial evidence in the record supports a determination that Lusardi’s mental condition did not constitute a severe limitation, and the ALJ expressly took into account mental limitations when he limited her to simple, routine work.
Similarly, with regard to the testimony of Lusardi’s mother, Ms. Green, Lusardi has failed to establish any error in not addressing the limitations identified by Ms. Green that Lusardi contends are consistent with disability: constant pain, limited sitting abilities, walking limited to one block and memory and concentration abilities reduced by medications. The ALJ disregarded Ms. Green’s testimony because it did not support the level of limitations and symptoms claimed by Lusardi, testimony which the ALJ had already determined not to be credible. The ALJ noted that Ms. Green testified to various activities in which Lusardi was able to participate, and noted further that the limitations which Ms. Green identifies “find little support in the medical record.” See Bayliss, 427 F.3d at 1211 (holding that an ALJ may reject lay witness opinions that are unsupported by the medical record).
Finally, Lusardi has failed to establish that the hypothetical posed to the vocational expert was incomplete. Lusar *174 di’s argument is expressly premised on what Lusardi contends were errors made by the ALJ in determining Lusardi’s limitations, none of which are persuasive. The ALJ’s hypothetical was properly tailored to the limitations the ALJ found were applicable to Lusardi. His reliance on the vocational expert’s resulting testimony was not error. See Magallanes, 881 F.2d at 757 (“[T]he ALJ is ‘free to accept or reject these restrictions ... as long as they are supported by substantial evidence.’ ”) (quoting Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir.1986)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.