23-594
Gauda v. Commissioner of Social Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE
> BARRINGTON D. PARKER,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

Justine Gauda,

                 *Plaintiff-Appellant*,

        v.                                                              No. 23-594

Commissioner of Social Security,

                 *Defendant-Appellee.*

_____

1

FOR PLAINTIFF-APPELLANT:    PETER A. GORTON, Lachman & Gorton, Endicott, NY.

FOR DEFENDANT-APPELLEE:    MOLLY E. CARTER, Special Assistant U.S. Attorney, (Ellen E. Sovern, *on the brief*), Social Security Administration Office of the General Counsel, Baltimore, MD, *for* Trini E. Ross, United States Attorney, Western District of New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Justine Gauda appeals from the district court's March 23, 2023 final judgment upholding the denial of her application for disability insurance benefits under the Social Security Act (the "Act"). The district court found that substantial evidence supported the decision of the administrative law judge (the "ALJ"), who concluded that Gauda was not disabled under the Act. Gauda timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

### Standard of Review

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). On appeal, "[w]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (citation omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

2

401 (1971) (citation omitted). "In our review, we defer to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

**Discussion**

We conclude that substantial evidence supports the Commissioner's finding that Gauda was not disabled under the Act. In doing so, we determine that: (1) substantial evidence supports the ALJ's residual functional capacity ("RFC") assessment with respect to limitations on Gauda's social interactions; (2) the ALJ reasonably weighed the medical opinion evidence before her; (3) substantial evidence supports the finding that Gauda could perform work existing in significant numbers in the national economy; and (4) the new evidence presented to the Appeals Council and district court does not render the ALJ's decision unsupported by substantial evidence.

**A. Substantial Evidence Supports the ALJ's RFC Assessment with Respect to Limitations on Gauda's Social Interactions.**

First, we conclude that substantial evidence supports the ALJ's RFC assessment with respect to Gauda's social interactions.

The ALJ found, based on medical opinions and other evidence, that Gauda had "moderate limitation[s]" in, *inter alia*, interacting with others and with regard to concentrating, persisting or maintaining pace. After thoroughly considering whether the "intensity, persistence, and limiting effects" of Gauda's symptoms would "limit [her] work-related activities," the ALJ concluded that Gauda could engage in "unskilled, low contact work" notwithstanding her moderate limitations. App'x at 29–33; *see Zabala v. Astrue*, 595 F.3d 402, 410–11 (2d Cir. 2010). The ALJ's conclusion that Gauda could perform work that entails "simple, short interactions" is supported by the opinions of two psychologists, Drs. Juriga and Inman, who concluded that Gauda could work in a "low contact" environment and "in proximity to others." App'x at 31.

3

Although the ALJ did not explicitly discuss Gauda's verbal or physical outbursts or address on an individualized basis the symptoms and triggers of her PTSD, we have explicitly recognized that "[a]n ALJ does not have to state on the record every reason justifying a decision" or "discuss every piece of evidence submitted." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." (quoting *Black*, 143 F.3d at 386)).

Given the above, the ALJ did not err in assessing Gauda's social limitations.

**B. The ALJ Reasonably Weighed the Medical Opinion Evidence.**

Second, the ALJ reasonably weighed the medical opinion evidence. The ALJ was justified in declining to adopt the opinion of VA physician Dr. Reynolds, who opined that Gauda had "[t]otal occupational and social impairment" due to her conditions. R435. "[A]n ALJ is free . . . to choose between properly submitted medical opinions," *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (alterations and internal quotation marks omitted), and even to "discount the opinion of a treating physician if it is inconsistent with other substantial evidence," *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Moreover, for claims filed on or after March 27, 2017, like Gauda's claim, ALJs "will not defer or give any specific evidentiary weight, *including controlling weight*, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a) (emphasis added). "The most important factors [ALJs] consider when [they] evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability . . . and consistency . . . ." *Id.*

Here, the ALJ considered both supportability and consistency when crediting the opinions of Drs. Juriga and Inman over that of Dr. Reynolds. Moreover, the ALJ weighed each opinion and

explained which portions were and were not "supported" by the record or "consistent" with other evidence. The administrative decision was reasonably based on the ALJ's own review of the record evidence—including the medical opinion evidence—without deference to any single provider.

### C. Substantial Evidence Supports the ALJ's Finding That Gauda Could Perform Work Existing in Significant Numbers in the National Economy.

Third, substantial evidence supports the ALJ's finding that Gauda could perform work existing in significant numbers in the national economy based on the vocational expert's testimony.

"An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as 'there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion,' and accurately reflect the limitations and capabilities of the claimant involved." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (alteration in original) (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1553–54 (2d Cir. 1983)).

Here, the ALJ asked the vocational expert whether there were any jobs in the national economy for an individual of Gauda's age, education, work experience, and RFC. The ALJ presented the vocational expert with a complete hypothetical and Gauda's RFC, both of which are based on substantial record evidence, including medical opinions. After reviewing that information, the vocational expert responded that several such jobs existed. Because substantial record evidence supported both the hypothetical and Gauda's RFC, the ALJ properly relied on the vocational expert's testimony. Substantial evidence therefore supports the ALJ's finding that Gauda could perform work existing in significant numbers in the national economy.

**D. The New Evidence Presented to the Appeals Council and the District Court**

**Does Not Render the ALJ's Decision Unsupported by Substantial Evidence.**

Finally, the new evidence presented to the Appeals Council and the district court—the opinions of Nurse Provorse and Peer Counselor Welch—does not render the ALJ's determination unsupported by substantial evidence. "When the Appeals Council denies review after considering new evidence, [the court] simply review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the [Commissioner]." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *accord Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015).

Here, the new evidence presented is contradicted by: (1) evidence in the record indicating that Gauda would have at most moderate mental limitations and would have no significant limitations in many other areas; (2) observations by Drs. Juriga and Inman during the relevant period as to Gauda's cooperative attitude, calm motor behavior, appropriate affect, and normal speech; and (3) Gauda's report that she was managing her symptoms more effectively. The Court finds no reason to conclude, even considering Nurse Provorse and Mr. Welch's statements, that there is a lack of substantial evidence to support the Commissioner's decision.

We have considered Gauda's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court