# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3098

_____

| | | |
|---|---|---|
| Betty Craig, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kenneth S. Apfel, Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 18, 2000

Filed: May 9, 2000

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Betty Craig appeals from the district court's[1] judgment affirming the denial of her application for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. We affirm.

_____

[1]The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was submitted by consent of the parties under 28 U.S.C. § 636(c).

**I.**

Craig was born on August 7, 1952. After obtaining a general equivalency diploma, Craig received one year of vocational training for office work. Her past relevant work includes that of a cook, factory worker, convenience store clerk, and telemarketer. Craig filed an application for disability insurance benefits on October 19, 1994, alleging an onset disability date of December 10, 1993.

The Social Security Administration denied Craig's application initially and again on reconsideration. Craig then requested and received a hearing before an administrative law judge (ALJ) on August 15, 1996. The ALJ evaluated Craig's claim according to the five-step sequential analysis prescribed by the social security regulations. See 20 C.F.R. §§ 404.1520(a)-(f); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step analysis). The ALJ found that Craig had not engaged in substantial employment since December 10, 1993, and that she suffered from a degenerative back condition, Bell's palsy,[2] headaches, depression, and panic disorder.

The ALJ concluded that Craig's history of Bell's palsy was a "non-severe impairment," and that, although Craig's other conditions amounted to "severe impairments," they did not meet or equal the criteria found in the Listing of Impairments. See 20 C.F.R. § 404, Subpart P, App. 1. The ALJ then discounted Craig's subjective complaints of pain, finding that they were inconsistent with the overall record in light of the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted). Based on these findings, the ALJ concluded that Craig possessed the residual functional capacity to perform her past

_____

[2]Bell's palsy is a partial or complete paralysis of the facial muscles, usually confined to one side of the face. See Stedman's Medical Dictionary 1285 (26th ed. 1995).

relevant work as a telemarketer, which the ALJ characterized as "simple unskilled sedentary work."[3]

The Appeals Council denied Craig's request for further review, making the ALJ's decision the final decision of the Commissioner. Craig then sought review in the district court pursuant to 42 U.S.C. § 405(g). The district court granted the Commissioner's motion for summary judgment, finding that substantial evidence supported the Commissioner's decision to deny Craig disability benefits. On appeal, Craig contends that the ALJ improperly assessed her residual functional capacity and failed to evaluate the actual physical and mental demands of her past relevant work as a telemarketer.

## II.

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999). In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See Prosch, 201 F.3d at 1012. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. See id.

---

[3]Social security regulations define sedentary work as involving lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is generally defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. However, the walking and standing should be occasional, and the other previously mentioned sedentary criteria must be met. See 20 C.F.R. § 404.1567(a).

-3-

Craig argues that the ALJ improperly assessed her residual functional capacity by giving insufficient weight to certain parts of the opinion of Dr. Jock Cobb, Craig's treating physician. Although the ALJ explicitly relied on Dr. Cobb's opinion in finding that Craig "has severe impairments of degenerative disk disease of the lumbar spine, headaches, and diagnoses of depression and a panic disorder," Craig argues that the ALJ failed to appreciate the significance of this evidence and selectively ignored other portions of Dr. Cobb's opinion noting that Craig's ability to reach, push, or pull is "limited by pain."

Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). In addition to the report by Dr. Cobb, the record also contains the opinions of two consulting physicians, neither of whom made any observations that would support Craig's allegations of complete disability. See Hight v. Shalala, 986 F.2d 1242, 1244 n.1 (8th Cir. 1993) (opinions of consulting physicians may constitute substantial evidence). Thus, given the ALJ's explicit reliance on some of Dr. Cobb's conclusions, we find it "highly unlikely that the ALJ did not consider and reject" those portions of his report that Craig now points to in support of her appeal. Black, 143 F.3d at 386.

Moreover, in her testimony before the ALJ, Craig made no mention of any difficulties reaching, pushing, or pulling, and she stated that she continues to engage in many normal daily living activities including driving, shopping, visiting with friends and relatives, and picking up her grandchild. The ALJ determined that Craig's pain was not as severe as she alleged, and Craig does not challenge this finding. Therefore, the ALJ acted properly in disregarding those portions of Dr. Cobb's report that were based on Craig's subjective descriptions to him of her pain levels. See Gaddis v. Chater, 76 F.3d 893, 895-96 (8th Cir. 1996) (ALJ may discount physician's opinion that is based on discredited subjective complaints).

-4-

In addition, even if credited, Dr. Cobb's observations regarding pain levels would not conclusively show that Craig cannot engage in substantial gainful activity. The mere fact that working may cause pain or discomfort does not mandate a finding of disability, see Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996), and indeed Dr. Cobb's opinion indicates that Craig is able to stand or walk for four hours out of an eight-hour day (two without interruption), and to sit for six hours out of an eight-hour day (two without interruption).

Regarding Dr. Cobb's unelaborated observation that Craig suffers from "moderate depression," we note that Dr. Cobb is not licensed as a mental health professional, see Loving v. Dep't of Health & Human Svcs., 16 F.3d 967, 971 (8th Cir. 1994) (opinions outside physician's field of expertise carry little weight), and that Craig's subsequent treatment records appear to indicate that the problem is reasonably controllable. Moreover, in Craig's initial disability report, she made no mention of depression as a basis for her claim. See Spradling v. Chater, 126 F.3d 1072, 1074 (8th Cir. 1997) (failure to allege disabling mental impairment on application for disability may be considered as credibility factor).

Therefore, based on our review of the record as a whole, we conclude that substantial evidence supports the ALJ's finding that Craig possesses sufficient residual functional capacity to engage in sedentary work.[4]

Craig also contends that, by failing to consult the Dictionary of Occupational Titles, the ALJ overlooked the actual physical demands of telemarketing that are inconsistent with "simple unskilled sedentary work," and was therefore wrong to

---

[4]We also find no inconsistency in the ALJ's alternative use of the phrases "simple unskilled sedentary work" and, simply, "sedentary work." Nowhere does the opinion state or imply that Craig was able to perform the "full range" of sedentary work, as Craig contends.

conclude that Craig is able to perform her past relevant work.  Craig did not articulate this argument before the district court.  The claim has thus been forfeited; accordingly, we decline to address it.  <u>See</u> <u>Yeazel v. Apfel</u>, 148 F.3d 910, 911-12 (8th Cir. 1998); <u>Misner v. Chater</u>, 79 F.3d 745 (8th Cir. 1996).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.