# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3607

_____

Bonnie Wilkerson,

                Appellant,

       v.

Kenneth S. Apfel, Commissioner,
Social Security Administration,

                Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*       [UNPUBLISHED]
\*
\*

_____

Submitted: September 5, 2000
Filed: September 28, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

     Bonnie Wilkerson appeals the District Court's[1] order affirming the
Commissioner's decision to deny her applications for disability insurance benefits and
supplemental security income. Having carefully reviewed the record, see Prosch v.
Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (standard of review), we affirm.

_____

     [1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the
Eastern District of Arkansas, to whom the case was referred for final disposition by
consent of the parties pursuant to 28 U.S.C. § 636(c) (1994 & Supp. IV 1998).

Wilkerson applied for benefits in February 1994, alleging she could not work because of various ailments, including problems with her back, legs, and feet. After a second hearing,[2] the administrative law judge (ALJ) found that Wilkerson had the residual functional capacity (RFC) to perform a wide range of sedentary work with certain restrictions, including a sit-stand option; and that she was not disabled, as her past relevant work (PRW) as a "day care director and Headstart teacher" was not precluded, and she could perform certain sedentary jobs identified by the vocational expert (VE) which allowed sitting and standing at will.

On appeal, Wilkerson challenges the ALJ's RFC findings.[3] We conclude the findings are supported by the record, as they are consistent with those of a consulting physician and more restrictive than those of the Social Security Administration reviewing physician. See Weiler v. Apfel, 179 F.3d 1107, 1109 (8th Cir. 1999) (stating Commissioner bears burden of establishing RFC by medical evidence).

Wilkerson also contends the record does not support the ALJ's finding that she could perform her PRW as a daycare director, as he failed to compare the demands of this job with her RFC, it did not last long enough to qualify as PRW, and she was primarily a daycare teacher, not a director. It is not necessary to address the merits of these arguments, however, because the ALJ also found Wilkerson could perform the sedentary jobs identified by the VE, jobs that are consistent with the ALJ's RFC findings and available in significant numbers. See 20 C.F.R. §§ 404.1505, 416.905 (1999) (claimant is not disabled if he or she can perform "previous work or any other

---

[2]After the first unfavorable decision, the Appeals Council remanded the case for, inter alia, vocational expert testimony.

[3]She also challenges the hypothetical posed to the VE but concedes that she did not raise this argument to the District Court, see Craig v. Apfel, 212 F.3d 433, 437 (8th Cir. 2000) (finding that argument not articulated to district court is forfeited), and thus we decline to address it.

substantial gainful activity which exists in the national economy" (emphasis added)); 1 Employment & Training Admin., United States Dep't of Labor, <u>Dictionary of Occupational Titles</u> 178, 183, 187-88 (4th ed. 1991) (describing timekeeper, cashier, and personnel clerk jobs).

Finally, Wilkerson asserts that she should have been found disabled based upon Medical-Vocational Guidelines Rules 202.12 and 202.14, <u>see</u> 20 C.F.R. pt. 404, subpt. P, app. 2, tbl. 2, and that the ALJ should not have based his finding on VE testimony. We disagree. The ALJ limited the range of sedentary work Wilkerson could perform by adding the sit-stand option, and thus it was proper for the ALJ to consult the VE. <u>See</u> <u>Fenton v. Apfel</u>, 149 F.3d 907, 910 (8th Cir. 1998) (explaining that if claimant's characteristics do not match those in guidelines because he or she is precluded from performing full range of particular work classification, ALJ must produce VE testimony); Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work, S.S.R. 96-9p, 1996 WL 374185, at *7 (Soc. Sec. Admin. July 2, 1996) (explaining that where individual's need to alternate sitting and standing cannot be accommodated by breaks and lunch, occupational base for full range of unskilled sedentary work will be eroded; it may be especially useful to consult VE).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.