Kathleen PARENT, Plaintiff,

v.

William A. HALTER, Acting Commissioner of Social Security, Defendant.

No. 00–03103–CV–S–1–SSA–ECF.

United States District Court, W.D. Missouri, Southern Division.

May 18, 2001.

Daniel A. Parmele, Springfield, MO, for Plaintiff.

Judith M. Strong, Kansas City, MO, for Defendant.

## ORDER

WHIPPLE, District Judge.

Pending before the Court is Plaintiff's Motion For Summary Judgment with suggestions in support, filed September 5, 2000. Plaintiff, Kathleen Parent ("Parent"), argues the administrative law judge's decision that Parent was not disabled is not supported by substantial evidence on the record as a whole. Jurisdiction rests with the Court to preside over the present appeal because the record shows that the Commissioner issued a "final decision." *See* 42 U.S.C. § 405(g) (Supp. IV 1998). Defendant ("Commissioner") filed a brief in support of the administrative law judge's decision and in opposition to Parent's motion for summary

judgment and a supplemental brief. Parent filed a reply brief to the Commissioner's first brief. Based on the following discussion, the Court AFFIRMS the Commissioner's decision.

## I. BACKGROUND

On December 2, 1996, Parent filed an application for Title II and Title XVI benefits. Parent alleged disability beginning January 15, 1995, because of a rapid heart beat, chronic obstructive pulmonary disease, and morbid obesity. The facts regarding Parent's treatment for her alleged disability are set forth fully in the briefs of both parties.

Parent's application for disability was denied and she timely requested a hearing. On November 5, 1997, Administrative Law Judge George R. Wilhoit ("ALJ") held a hearing at which evidence regarding Parent's alleged disability was introduced. On May 8, 1998, the ALJ denied Parent's application for disability in a lengthy and detailed decision. Subsequently, the Appeals Council denied Parent's request for a review of the ALJ's decision. Parent filed the present cause of action with this Court to appeal the Commissioner's May 8, 1998, final decision.

## II. STANDARD OF REVIEW

A review of the decision to deny social security benefits determines if the Commissioner's findings "are supported by substantial evidence on the record as a whole." *Gowell v. Apfel,* 242 F.3d 793, 796 (8th Cir.2001) (citing *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir.2000)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* The reviewing court considers the evidence that supports and contradicts the Commissioner's decision in order to determine if the existing

evidence is substantial. *Id.* (citing *Craig v. Apfel,* 212 F.3d 433, 436 (8th Cir.2000)). However, the Commissioner's decision must be affirmed if substantial evidence on the record as a whole supports the decision. *Id.* A reviewing court may not reverse the Commissioner's decision that is supported by substantial evidence on the record as a whole even though substantial evidence exists in the record that also supports a contrary finding or because the reviewing court would decide the case differently. *See id.* (citing *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992)).

### III. DISCUSSION

Parent's appeal stems from the Commissioner's denial of her applications for disability insurance benefits and supplemental security income. In order to receive disability insurance benefits, a claimant must file an application for disability insurance, be insured for disability insurance benefits, be below retirement age, and under a disability (as defined in the statute). 42 U.S.C. § 423(a) (Supp. IV 1998). "SSI benefits are available to income-eligible aged, blind, or disabled individuals." *Medellin v.. Shalala,* 23 F.3d 199, 201 (8th Cir.1994). *See* 42 U.S.C. § 1382(a) (Supp. IV 1998). Disability is defined as an "inability to engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment" that is expected to persist for a period of twelve or more months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled if the severity of his impairment prevents him from engaging in his work or any other "gainful work" that exists in the national economy for someone with his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

Parent first argues for the reversal of the Commissioner's decision because the "ALJ committed reversible error in failing to find [Parent] meets Section 9.09 of the Listings of Impairments, or in the alternative, that [Parent] equals this listing."

 Section 9.09 of the Listings of Impairments states:

Weight equal to or greater than the values specified in Table I for males, Table II for females (100 percent above desired level), and one of the following:

A. History of pain and limitation of motion in any weight-bearing joint or the lumbosacral spine (on physical examination) associated with findings on medically acceptable imaging techniques of arthritis in the affected joint or lumbosacral spine; or

B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff;

C. History of congestive heart failure manifested by past evidence of vascular congestions such as hepatomegaly, peripheral or pulmonary edema; or

D. Chronic venous insufficiency with superficial varicositries in a lower extremity with pain on weight bearing persistent edema; or

E. Respiratory disease with total forced vital capacity equal to or less than 2.0L. or a level of hypoxemia at rest equal to or less than the values specified in Table II–A or III–B or III–C.

20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, § 9.09. However, the record shows the Social Security Administration ("SSA") deleted listing § 9.09 after the ALJ's decision to deny Parent's application for disability benefits. In Social Security Ruling ("SSR") 00–3p, the SSA stated the final rule to delete listing § 9.09 became effective October 25, 1999, and applied retroactively to all cases pending on that date. Titles II and XVI: Evaluation of Obesity SSR00–3p, 2000 WL 628049, at *7 (May

15, 2000). An agency's interpretation· of its own regulation must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Martin v. Occupational Safety and Health Review Comm'n,* 499 U.S. 144, 150–51, 111 S.Ct. 1171, 1175–76, 113 L.Ed.2d 117 (1991). Reasonable interpretation of an agency's own regulation warrants substantial judicial deference. *See U.S. v. Cleveland Indians Baseball Co.,* 532 U.S. 200, 121 S.Ct. 1433, 1445, 149 L.Ed.2d 401 (2001). Although there is no binding decision in the Eighth Circuit, the Court finds no indication that SSR 00–3p is unreasonable, erroneous, or inconsistent with the regulation to delete listing § 9.09. *See Rodriguez v. Massanari,* 2001 WL 406226, at *3 (N.D.Tex.2001) (following the interpretation of SSR 00–03p to apply the deletion of listing § 9.09 to all pending cases); *Fulbright v. Apfel,* 114 F.Supp.2d 465, 476 (W.D.N.C.2000) (ruling the deletion of § 9.09 is the law in effect for the appeal). Thus, the Court rules Parent's argument regarding the ALJ's decision that Parent did not meet or equal § 9.09 of the Listings of Impairments is moot because § 9.09 is no longer applicable to the present case.

Parent also argues the ALJ committed reversible error by improperly deriving a Residual Functional Capacity ("RFC") for Parent that was unsupported by any evidence in the record, ignoring the standard established by SSR 96–8p, and failing to consider Parent's subjective limitations. In response, the Commissioner argues the ALJ correctly evaluated Parent's pain and subjective complaints using the *Polaski v. Heckler* test and 20 C.F.R. §§ 404.1529 and 416.929.

█ In evaluating the credibility of testimony and complaints of pain, a district court is instructed to consider all of the evidence presented regarding the subjective complaint of pain. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984). Included in the factors a court may consider is "the absence of objective medical evidence to support the degree of severity of the subjective complaints [of pain]." *Id.* The adjudicator is also instructed to consider

the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as: 1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; 5. functional restrictions.

*Id.*

█ In the present appeal, the ALJ "considered the effects of the claimant's alleged impairments, pain and other symptoms in accordance with the criteria set forth in the regulations." Tr. at 18.[1] The ALJ found Parent to suffer from "impairments that could reasonably be expected to produce some of the symptoms alleged, but the claimant's complaints suggest a greater severity of impairment than can be shown by the objective medical evidence alone ." Tr. at 18. An ALJ may properly rely upon the discrepancies between the complainant's allegations of pain and the medical treatment and daily activities. *See Davis v. Apfel,* 239 F.3d 962, 968 (8th Cir.2001).

█ As reported in the record and thoroughly discussed by the ALJ, Parent exhibited a normal heart rate and rhythm during multiple medical examinations in late 1996 and throughout 1997. A stress

---

1. Transcript of the entire record of proceedings relating to the case of *Parent v. Halter,* No. 00–03103–CV–S–1–SSA–ECF.

test performed on Parent in April 1997, revealed no evidence of a heart attack nor any evidence of ongoing critical blockage in her arteries. In fact, the stress test showed Parent's "overall heart function was noted to be normal." Tr. at 250. The Court agrees with the ALJ's conclusion that Parent's "description of her limitations as a result of such symptoms [rapid heart rate with breathing difficulties and dizziness] is not consistent with the medical evidence presented." Tr. at 19. *See Davis*, 239 F.3d at 968 (upholding an ALJ's discounting of claimant's subjective complaints of pain because of discrepancy between claimant's allegations and her treatment history, medicinal selections, and daily activities).

The record shows medication effectively relieves Parent of her symptoms with little to no side effects.[2] "An impairment which can reasonably be controlled by medication cannot form the basis for a finding of disability." *See Ruhl v. Bowen*, 710 F.Supp. 255, 258 (W.D.Mo.1989).

In addition, Parent's daily activities include driving everyday, taking her child to school, feeding pets, washing clothes, providing rides for friends, sweeping, assisting with making beds, and assisting with cooking. The Court finds the ALJ correctly concluded that Parent's daily activities are inconsistent with the severity of pain that she alleges. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1038–39 (8th Cir. 2001) (finding daily activities of "getting up, eating, reading, cleaning the house, making the bed and doing dishes with the help of her husband, making meals, visiting with friends, and occasionally shopping and running errands" inconsistent with claimant's alleged pain).

Parent also reported sleeping for significant periods during the day. However, the record does not show any of Parent's treating physicians prescribing or requiring sleep to treat Parent's condition. *See Hanna v. Chater*, 930 F.Supp. 378, 389–90 (N.D.Iowa 1996) (supporting an ALJ's discounting of claimant's allegations of required rest because objective medical evidence did not require such treatment).

Finally, in January 14, 1997, Parent reported in a medical examination to experience "no limitation of activity." Tr. at 255. "The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole." *Gray v. Apfel*, 192 F.3d 799, 803 (8th Cir.1999) (citing *Spradling v. Chater*, 126 F.3d 1072, 1074–75 (8th Cir.1997)).

Although the record does reflect evidence of Parent's pain, the Court cannot reverse the ALJ's decision because substantial evidence supports the claimant's allegation or the reviewing court would make a different conclusion. *See Gowell*, 242 F.3d at 796. Nevertheless, such second guessing is not warranted as the Court finds substantial evidence in the record as a whole to support the ALJ's discount of Parent's allegations of pain and its severity in accordance with the *Polaski v. Heckler* test.

Parent also argues the ALJ improperly derived a Residual Functional Capacity ("RFC") that was not based upon objective medical evidence. The ALJ in the present case specifically found the record supported Parent's ability to frequently lift twenty-five pounds of weight and occasionally lift fifty pounds of weight; "stand and/or walk with normal breaks for a total

---

2. The record shows Parent complained of headaches due to the medication, *see* Tr. at 255, but the record lacks a medical conclu- sion that Parent's medication in fact caused the headaches.

of about 6 hours"; unlimited in her ability to push or pull, climb ramps or stairs, reach handle, finger and fee; occasionally balance, stoop, kneel, crouch, crawl and climb ladders, rope and scaffolds. The Court finds the RFC decision by the ALJ accurately and thoroughly reflects the medical facts and testimony in the administrative record and follows SSR 96–8p. *See McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (holding the Commissioner carries the burden by establishing with medical evidence the claimant's RFC).

## IV. CONCLUSION

The Court adopts the interpretation offered by the Commissioner in explaining the deletion of the § 9.09 listings and the application of § 9.09 to current and future cases. The Court holds the ALJ correctly considered Parent's complaints of pain, limitations, and RFC in accordance with controlling regulations and Eighth Circuit precedent. Therefore, based on the foregoing, the Court hereby

**AFFIRMS** the decision by the Commissioner to deny Plaintiff's applications for disability insurance benefits under Title II and supplemental security income under Title XVI.

IT IS SO ORDERED.