# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2328

_____

| | |
|---|---|
| Jackie Boone, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas |
| Jo Anne B. Barnhart, Commissioner, | * |
| Social Security Administration, | * [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted: March 5, 2004

Filed: March 24, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jackie Boone appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas affirming the denial of disability insurance benefits.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

For reversal, Boone challenges the administrative law judge's (ALJ's) credibility and residual functional capacity (RFC) findings. For the reasons discussed below, we affirm the judgment of the district court. See Craig v. Apfel, 212 F.3d 433, 435-36 (8th Cir. 2000) (standard of review).

In her September 1999 application and related documents, Boone alleged disability since June 1998 from arthritis in her knees and back, lumbar disc disease, depression, and an enlarged heart. After a hearing, the ALJ determined (1) Boone suffered from a combination of severe impairments--as she had a history of, or had been treated for, arthritis, a back injury, scoliosis, an enlarged heart, and degenerative joint disease of the spine--but her impairments alone or combined were not of listing-level severity; (2) as to her alleged depression, there was no evidence of treatment and the record did not reveal any depression-related functional deficits; and (3) she had the RFC to perform a full range of light work, and thus could perform her past relevant work.

We reject Boone's challenge to the ALJ's credibility findings, because the ALJ provided multiple valid reasons for finding Boone and her witnesses not entirely credible. See Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001) (deference to ALJ is proper when he explicitly discredits claimant and gives good reasons for doing so). Further, contrary to Boone's assertion, her demeanor at the hearing could serve as a basis for discrediting her. See Johnson v. Apfel, 240 F.3d 1145, 1147-48 (8th Cir. 2001) (in making credibility determination, ALJ may properly rely on personal observations of claimant's demeanor during hearing).

Boone's arguments concerning the ALJ's RFC findings also fail. Dr. Joseph Farmer was a consulting physician who saw Boone only once, and whose RFC findings were of little help, in that he did not specify her sitting, standing, carrying, and handling limitations. Cf. Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (declining to give weight to treating physician's opinion where it consisted

only of vague, conclusory statements).  Further, the ALJ did not completely adopt the RFC findings of the Social Security Administration reviewing physicians:  the reviewers found Boone capable of performing medium work, whereas the ALJ found her capable of only light work.  See 20 C.F.R. § 404.1567(b), (c) (2003) (defining light and medium work).  The ALJ's RFC findings are supported by substantial evidence, as the ALJ properly discredited Boone, and, after Boone's treating physician Carl Covey determined in 1999 that Boone could return full-time to the job she had been performing, no other physician placed any limitations on Boone's activities.  See Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (ALJ is responsible for determining RFC based on all relevant evidence, including observations of treating physicians and others, and claimant's description of her limitations).

We decline to consider Boone's remaining arguments.  See Craig, 212 F.3d at 437 (declining to address newly raised issue).  Accordingly, we affirm.

_____