# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3778

_____

Michael Bauge,                          *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
      v.                                *   District Court for the Southern
                                        *   District of Iowa.
Jo Anne B. Barnhart, Commissioner       *
of Social Security,                     *        [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted:  May 7, 2004

Filed:  May 17, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Michael Bauge appeals the district court's* order affirming the denial of supplemental security income (SSI). After a hearing, during which the administrative law judge (ALJ) posed a hypothetical question to a vocational expert (VE), the ALJ found Bauge was not eligible for SSI because he could perform a range of sedentary, light, and unskilled jobs. For reversal, Bauge argues the ALJ committed error in

_____

*The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

discounting his subjective complaints; in ignoring the opinion of Clark Borland (with whom Bauge was involved in vocational rehabilitation), who questioned whether Bauge could work competitively; and in omitting from the hypothetical the effects of Bauge's diarrhea and resulting need to leave his work station at unscheduled times. We affirm.

The ALJ was entitled to discredit Bauge's subjective complaints based on his asserted daily activities, see Dunahoo v. Apfel, 241 F.3d 1033, 1038-39 (8th Cir. 2001), and the ALJ also properly relied on other relevant factors, including exaggeration of symptoms, lack of significant work history, and the effectiveness of at least some of Bauge's prescribed medications, see Jones v. Callahan, 122 F.3d 1148, 1151-52 (8th Cir. 1997); Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996); Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). As to Borland's letter, the ALJ did not discuss it in any detail, but confirmed its receipt and stated he had considered all the documents in the record. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (ALJ is not required to discuss all evidence, and failure to cite specific evidence does not indicate it was not considered). Finally, the ALJ's hypothetical included the claimant's need to have access to the restroom and his several gastrointestinal diseases, and the ALJ expressly found Bauge's subjective complaints not credible to the extent they were inconsistent with the ALJ's no-disability determination. See Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999) (hypothetical is sufficient if it sets forth impairments ALJ accepts as true).

Bauge's remaining arguments provide no basis for reversal. We thus affirm the district court.

_____