# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3622

_____

Kimberly McMurray,

        Appellant,

v.

Michael J. Astrue,

        Appellee.

\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: May 7, 2010
Filed: May 20, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kimberly McMurray appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. McMurray alleged disability since June 25, 2004, from chronic back pain, carpal tunnel syndrome (CTS), de Quervian's disease, and depression. After a hearing, an administrative law judge (ALJ) found, as relevant, that (1) McMurray's severe impairments--lumbar degenerative disc disease, and tendonitis/arthritis of the wrists with a history of CTS--

_____

[1]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

did not, alone or combined, meet or medically equal the requirements of any listing; (2) her depression and bronchitis were not severe impairments; (3) her subjective complaints were not entirely credible; and (4) while her residual functional capacity (RFC) for less than a full range of light work precluded her past relevant work, based on the testimony of a vocational expert (VE) in response to a hypothetical, McMurray could perform certain light unskilled jobs existing in substantial numbers. The Appeals Council denied review, and the district court affirmed. Upon de novo review, see Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009), we agree with the district court that substantial evidence supports the ALJ's decision.

Specifically, we find no merit to McMurray's challenges to the ALJ's credibility findings. The ALJ was not required to discuss the written statements of McMurray's children, see Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (failure to cite specific evidence does not mean it was not considered); and in any event, these statements were not entirely consistent with McMurray's own contemporaneous statements and testimony as to how much assistance she needed with daily activities, see Roberson v. Astrue, 481 F.3d 1020, 1025 (8th Cir. 2007) (ALJ may discount subjective complaints if there are inconsistencies in record as whole). The ALJ gave several valid reasons for discounting McMurray's credibility, including lack of objective medical evidence supporting the alleged disability, lack of opinions from physicians about McMurray's inability to work at any job, and the suggestion by some medical professionals that McMurray was magnifying her symptoms. See Juszczyk v. Astrue, 542 F.3d 626, 631-32 (8th Cir. 2008) (deferring to ALJ's well-supported determination that claimant's testimony was not credible).

We further find that the ALJ properly discounted the RFC opinion of McMurray's treating physician Malcolm Oliver, see Juszczyk, 542 F.3d at 632; and that the ALJ's hypothetical to the VE was sufficient, given that it set forth the impairments supported by substantial evidence in the record and accepted as true by

-2-

the ALJ, <u>see</u> <u>Stormo v. Barnhart</u>, 377 F.3d 801, 808-09 (8th Cir. 2004).  Accordingly, we affirm.

_____