# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3465

_____

Pamela Ann Williams

*Plaintiff - Appellant*

v.

Andrew Saul

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: June 25, 2020
Filed: June 30, 2020
[Unpublished]

_____

Before GRASZ, BEAM, and KOBES, Circuit Judges.

_____

PER CURIAM.

Pamela Williams appeals the district court's[1] order affirming the denial of disability insurance benefits. After careful consideration of Williams's arguments for reversal, we agree with the court that substantial evidence in the record as a whole supports the administrative law judge's (ALJ) decision that Williams was not disabled through the date last insured (DLI). See Twyford v. Comm'r, Soc. Sec. Admin., 929 F.3d 512, 516 (8th Cir. 2019) (de novo review of district court's judgment; this court will affirm unless Commissioner's findings are unsupported by substantial evidence or result from legal error); Ponder v. Colvin, 770 F.3d 1190, 1194 (8th Cir. 2014) (per curiam) (substantial evidence supported ALJ's decision that claimant was not disabled, as medical evidence showed new conditions arose after DLI and did not reflect symptoms thereof prior to DLI). We find that the ALJ adequately considered the medical evidence regarding Williams's condition after the DLI as it related to the period for which she was insured for benefits, see Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (ALJ is not required to discuss all evidence submitted, and failure to cite specific evidence does not indicate that it was not considered); Pyland v. Apfel, 149 F.3d 873, 877 (8th Cir. 1998) (evidence of disability after DLI can be relevant in helping to elucidate medical condition during time for which benefits might be awarded); and that the ALJ did not err in failing to contact a medical advisor, see Grebenick v. Chater, 121 F.3d 1193, 1201 (8th Cir. 1997) (where medical evidence was not ambiguous as to possibility that claimant's disability onset occurred before DLI, ALJ was not required to consult medical advisor).

The judgment is affirmed.

_____

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.