NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN T. AHEARN,

        Plaintiff-Appellant,

  v.

CAROLYN W. COLVIN,[*] Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   23-35572

D.C. No. 3:22-cv-05948-DWC

MEMORANDUM[**]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Argued and Submitted October 22, 2024
Portland, Oregon

Before:  HAMILTON,[***] VANDYKE, and H.A. THOMAS, Circuit Judges.

Plaintiff Steven T. Ahearn appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for supplemental

---

    [*]   We have substituted Acting Commissioner Carolyn W. Colvin as
defendant-appellee pursuant to Federal Rule of Appellate Procedure 43(c).

    [**]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [***] The Honorable David F. Hamilton, United States Circuit Judge for the
U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

security income under Title XVI of the Social Security Act. Ahearn argues that the administrative law judge (ALJ) erred in considering pre-onset medical opinions, rejected inappropriately a medical opinion, relied improperly on findings from non-examining state psychologists, and evaluated incorrectly Ahearn's own testimony and a lay witness account of the extent of his impairments. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), but we review the ALJ's decision deferentially under 42 U.S.C. § 405(g). We may reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Ahearn*, 988 F.3d at 1115 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012)). We affirm.

1. Pre-Onset Medical Evidence: Ahearn has filed two prior applications for social security disability benefits. The first was denied by an ALJ in December 2014, and Ahearn did not appeal further. The second was denied by an ALJ in August 2017 and was ultimately affirmed by this court in *Ahearn*, 988 F.3d at 1114. In support of his third application, at issue here, Ahearn argues that the ALJ erred by failing to articulate findings based on medical opinions in the record that limited their focus to dates prior to the alleged disability onset date of May 27, 2020. We disagree. The ALJ acknowledged the presence of these assessments in the record and explained that she did not evaluate their persuasiveness because

they were from "well before" the alleged disability onset date and were accordingly "not helpful in evaluating [Ahearn's] functioning during the relevant period." The agency must assess a claimant's residual functional capacity based on "all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 416.945(a)(1). Yet the ALJ "does not need to discuss every piece of evidence." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal quotation marks omitted) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). The four earlier medical opinions about Ahearn (Wilkinson, 2013; Ruddell, 2015; Wilkinson, 2019; and Eisenhauer, 2019) explicitly limited their assessments to times before the alleged onset date for this application. It was not error for the ALJ to decline to articulate findings based on these opinions with such limited relevance. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *accord*, *Ahearn*, 988 F.3d at 1117–18 (finding no error where ALJ gave limited weight to medical assessment from three and a half years prior to alleged onset date). Also, the earlier ALJ decisions considered opinions from Drs. Wilkinson, Wingate, and Ruddell and gave them little weight.

2. Medical Evidence: The ALJ's assessment of Dr. Wilkinson's 2020 opinion was supported by substantial evidence. *See* 20 C.F.R. § 416.920c(b) (explaining that ALJ must "articulate ... how persuasive [she] find[s] all of the

medical opinions" from each source, and "explain how [she] considered the supportability and consistency factors"). The ALJ found that Dr. Wilkinson's opinion was consistent with evidence indicating that Ahearn's conditions were "fairly well controlled with medication management and therapy" and with Ahearn's ability to cook, shop, do chores, and socialize. The ALJ's treatment of Dr. Wilkinson's opinion as "partially persuasive" was thus supported by substantial evidence. *See, e.g.*, *Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (affirming ALJ's decision to discount doctor's opinion when inconsistent with that same doctor's note that claimant was "engaged, alert and oriented, and only 'slightly anxious'" during office visits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding that ALJ properly discounted a medical opinion that was inconsistent with the medical record).

3. State Psychologists: The ALJ also did not err by relying on findings from non-examining state agency psychologists. *See Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (noting that 2017 amendments to regulations do not require deference to treating physicians); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (approving ALJ's rejection of treating physician's opinion because it was contradicted by opinions from two non-examining physicians). Ahearn does not cite any specific piece of evidence in the record that is inconsistent with those findings. The non-examining psychologists' findings were also consistent with

other evidence in the record, including evidence that Ahearn socializes, cooks, uses public transportation, and manages his finances. *See Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022) (affirming ALJ's rejection of medical opinion based on documented daily activities). We therefore defer to the ALJ's interpretation of that evidence. *See, e.g.*, *Ford*, 950 F.3d at 1154 ("If the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (citation and internal quotation marks omitted)).

4. Ahearn's Subjective Symptom Testimony: Substantial evidence supports the ALJ's discounting of Ahearn's subjective symptom testimony. The ALJ noted Ahearn's testimony that he struggled to maintain employment due to his cognitive limitations but cited "inconsistent statements regarding [Ahearn's] work history" in the record when discounting his claims. The record showed that Ahearn performed under-the-table yardwork during the period at issue and reported that he stopped working in 2012 because "[t]here wasn't enough work" and "[i]t didn't pay enough." This evidence was sufficient to support the ALJ's conclusion. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (upholding ALJ's judgment when evidence could point in either direction and ALJ found claimant was "quite functional" and could care for her own personal needs, cook, clean, shop, and interact with others); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (affirming ALJ's decision to discredit subjective symptom testimony based on

reasons similar to those in this case, including inconsistency with claimant's activities of daily living). The ALJ also properly noted that Ahearn voluntarily stopped taking Zoloft – which had been helping him with his symptoms – in support of her conclusion that Ahearn's impairments did not require a finding of disability. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [supplemental security income] benefits."). These reasons were sufficiently "clear and convincing" to support the ALJ's discounting of Ahearn's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493–94 (9th Cir. 2015) (explaining that an ALJ must provide "clear and convincing" reasons for finding a claimant's testimony not credible, and remanding where requirement was not satisfied).

5. Lay Evidence: Assuming that, after the 2017 amendments to the relevant regulations, ALJs must still offer reasons "germane to each witness" in order to reject lay evidence, *see Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)), the ALJ satisfied that obligation here. *See* 20 C.F.R. § 416.920c(d) (after 2017 amendments to regulations, ALJ does not need to articulate assessment of non-medical evidence using standards for medical evidence); *Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 n.1 (9th Cir. Dec. 27, 2022) (noting that ALJ's obligations

6                                                                    23-35572

regarding lay evidence are unsettled after 2017 amendments).

The ALJ here noted the interview of Ahearn conducted by agency interviewer C. Hann. While the ALJ did not articulate findings based on that evidence, she considered it, noted the interviewer's conclusion that Ahearn did not exhibit "physical or mental health difficulties" other than with comprehension, and concluded that it did not change her assessment of Ahearn's overall functional capacity. Because the ALJ provided clear and convincing reasons for rejecting Ahearn's subjective testimony about his comprehension limitations, the ALJ also gave germane reasons for rejecting the interviewer's statement about those limitations. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (noting that when ALJ provides clear and convincing reasons to reject a claimant's testimony, and the lay witness testimony is similar, "it follows that the ALJ also gave germane reasons for rejecting" the lay witness testimony).

6. Residual Functional Capacity: Finally, the ALJ also did not err in her assessment of Ahearn's residual functional capacity or in posing her hypothetical questions to the vocational expert. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) ("In arguing the ALJ's hypothetical was incomplete, [claimant] simply restates her argument that the ALJ's [residual functional capacity] finding did not account for all her limitations…."). Because the ALJ's determination of Ahearn's limitations appropriately weighed the evidence, her

residual functional capacity determination – which accounted for Ahearn's limitations – was not legally flawed. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that ALJ did not err in determining residual functional capacity when she "permissibly discounted" evidence from treating physicians and provided clear and convincing reasons for rejecting a claimant's subjective symptom testimony).

**AFFIRMED.**